UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Michael Reilly,

        Plaintiff,

vs.                                          Case No. 2:06-cv-108-FtM-29DNF

M. Cpt. Attar,

        Defendant.
_____

## ORDER

This matter comes before the Court upon Plaintiff's Motion for Temporary Restraining Order (Doc. #1) filed February 27, 2006. Plaintiff seeks the issuance of a temporary restraining order against Defendant in connection with Plaintiff receiving two disciplinary reports from the Defendant.

Under Fed. R. Civ. P. 65(b), a temporary restraining order may be granted without notice only if (1) "it clearly appears from specific facts...that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party...can be heard in opposition," and (2) the applicant "certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Further, under Local Rule 4.05, "[s]uch orders will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction." Under Local

Rule 4.05(b)(4), "The brief or legal memorandum submitted in support of the motion must address the following issues: (I) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury and the reason that notice cannot be given; (iii) the potential harm that might be caused to the opposing parties or others if the order is issued; and (iv) the public interest, if any."

Plaintiff has not fulfilled the requirements of Rule 65 or Local Rule 4.05(b). Additionally, the Court does not find that Plaintiff has demonstrated a threat of an immediate and irreparable injury or loss. Rather, Plaintiff is challenging the fact that he has been found guilty of two disciplinary infractions resulting in a change of his classification status and the loss of certain privileges.

The Court notes that Plaintiff did not file a complaint in this action and instead filed the Motion *sub judice* accompanied by a motion to proceed *in forma pauperis* (Doc. #2). Rule 3 of the Federal Rules of Civil Procedure require that a civil action be "commenced by filing a complaint with the court." Fed.R.Civ.P. 3.

As a matter of procedure, the Court would direct Plaintiff to file a complaint in this action. The Court, however, is aware of Plaintiff's litigious nature. On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA) which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil

>action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g) requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA. Rivera v. Allin, 144 F.3d 719, 730 (11th Cir.), cert. dismissed, 524 U.S. 978 (1998). The Court takes judicial notice of filings brought by Plaintiff in a Court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 2:05-cv-106; (2) 2:05-cv-304; (3) 2:05-cv-308; (4) 2:05-cv-339; (5) 2:05-340; (6) 2:05-cv-341; (7) 2:05-cv-343 and (8) 2:05-cv-477.

Because Plaintiff has had three or more prior dismissals and is not under imminent danger of serious physical injury, his application to proceed in forma pauperis will be denied and this action will be dismissed without prejudice. If Plaintiff chooses to initiate a new civil rights action in this matter he is required to file a new civil rights complaint form and paying the full $250.00 filing fee.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Temporary Restraining Order (Doc. #1) is **DENIED**.

2. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. #2) is **DENIED**.

3. This case is hereby **DISMISSED** without prejudice.

4. The Clerk of the Court shall: 1) enter judgment dismissing this case without prejudice; 2) terminate any pending motions; and 3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __16th__ day of March, 2006.

*John E. Steele*
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record